UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO.: 0:16cv62359

ANA PIMENTEL VASQUEZ,

      Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION,
L.P.,

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

      Plaintiff ANA VASQUEZ ("Plaintiff"), by and through undersigned counsel, seeks redress

for the illegal practices of Defendant CREDIT PROTECTION ASSOCIATION, L.P.

("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection

Practices Act, and Florida Statute § 559.551, the Florida Consumer Collection Practices Act, and

in support thereof, Plaintiff states the following:

**NATURE OF ACTION**

**I.      THE FAIR DEBT COLLECTION PRACTICES ACT**

      1.      The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which

prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15

U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt

collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices

by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3.      The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.      Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10).

5.      Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive

or unfair if it has the *tendency or capacity to deceive*." (emphasis added); The eight subsections of § 1692f set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

6.      Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. In particular, § 1692g mandates, *inter alia*, that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide

the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a); *See* Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1274 (11th Cir. 2016) ("rejecting the notion that § 1692g gives debt collectors discretion to omit the 'in writing' requirement or cure improper notice by claiming waiver."); Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 286 (2d Cir. 2013) ("[d]ebtors can protect certain basic rights through an oral dispute, but can trigger a broader set of rights by disputing a debt in writing.").

## *LIABILITY UNDER THE FDCPA*

7.      The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); See also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA)

8.      The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

9.      In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks

to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of least sophisticated consumer…" (emphasis added) (internal quotations and citations omitted)).

## III.   THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

10.     The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. See Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

11.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, the FCCPA states, *inter alia*, that: "[i] collecting consumer debts, no person shall…[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

12.     The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not

otherwise regulated by the FDCPA. *See* <u>In re Hathcock</u>, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt*." (emphasis added)); *See, e.g.*, <u>Heard v. Mathis</u>, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); <u>Schauer v. General Motors Acceptance Corp.</u>, 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious.

## CONSOLIDATED ACTION

13.     As set forth in more detail below, Defendant, by and through various collection letters, sought to collect two independent consumer debts from Plaintiff, whereby in doing so, Defendant violated the aforementioned provisions of the FDCPA and FCCPA.

14.     As a result of Defendant's violations, Plaintiff has grounds for two independent actions against Defendant; however, in the interest of efficiency, both actions have been consolidated into one suit.

## JURISDICTION AND VENUE

15.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

16.     Supplemental jurisdiction exists for the forgoing state law claims pursuant to 28 U.S.C. § 1367.

17.     Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

*[REMAINDER OF PAGE LEFT BLANK]*

## PARTIES

18.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

19.     Defendant is a Texas corporation, with its principal place of business located in Dallas, Texas.

20.     On information and belief, Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

21.     At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

22.     At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g.*, Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

23.     The debts at issue (collectively, the "Consumer Debts") are financial obligations Plaintiff incurred primarily for personal, family, or household purposes.

24.     The Consumer Debts at issue are two separate and independent debts, to wit:

   **(a)**      Account number 2722496 ("Consumer Debt No. 1"); and

   **(b)**      Account number 800168 ("Consumer Debt No. 2").

25.     Each of the Consumer Debts are a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. § 559.55(6).

26.     Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

27.     Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. § 559.55(7).

28.     On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

29.     On or about October 15, 2015, February 11, 2016, and April 11, 2016, Defendant sent a collection letter to Plaintiff in an attempt to collect Consumer Debt No. 1. A copy of said letters (the "CD No. 1 Collection Letters") are attached hereto as Composite Exhibit "A."

30.     In each CD No. 1 Collection Letters, Defendant stated, *inter alia*, that:

> The Fair Debt Collection Practices Act requires that we, as the debt collector, inform you that: unless you, within 30 days after receipt of this initial notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector. If you notify the debt collector in writing within the 30-day period that the debt, or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy of judgment against you and mail it to you. If you request in writing within 30 days, the debt collector will also provide you with the name and address of the original creditor if different from the current creditor.

*See* <u>CD No. 1 Collection Letters</u>.

31.     The "Account Number[s]" (i.e., No. 800168) and "Invoice Number[s]" (i.e., No. 7185498) depicted the CD No. 1 Collection Letters are identical.

32.     On or about May 31, 2016, Defendant sent a collection letter to Plaintiff (the in an attempt to collect Consumer Debt No. 2. A copy of said collection Letter (the "CD No. 2 Collection Letter") is attached hereto as Exhibit "B."

33.     In the CD No 2. Collection Letter No. 2, Defendant states, *inter alia*, that:

> The Fair Debt Collection Practices Act requires that we, as the debt collector, inform you that: unless you, within 30 days after receipt of this initial notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector. If you notify the debt collector in writing within the 30-day period that the

debt, or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy of judgment against you and mail it to you. If you request in writing within 30 days, the debt collector will also provide you with the name and address of the original creditor if different from the current creditor.

*See* CD No. 2 Collection Letter.

**COUNT I.**
**VIOLATION OF THE FDCPA**
*(CONSUMER DEBT NO. 1)*

34.    Plaintiff incorporates by reference paragraphs 23-33 of this Complaint as though fully stated herein.

35.    In light of the preceding, Defendant has violated the FDCPA, to wit:

(a)    Section 1692g(a)(1) b, in light of the least sophisticated consumer standard, failing to adequately state and/or identify the amount of Consumer Debt No. 1, in that, the CD No. 1 Collection Letters did not state the amount of Consumer Debt No. 1, but rather, the "Corrected Balance Due."

(b)    Section 1692g(a)(2) by, in light of the least sophisticated consumer standard, failing to send Plaintiff a written notice (within the appropriate timeframe) that sufficiently identifies the creditor to whom Consumer Debt No. 1 was owed, to wit, the CD No. 1 Collection Letters fail to identify any entity as being the "creditor." Pardo v. Allied Interstate, L.L.C., 2015 WL 5607646 (S.D. Ind. Sept. 21, 2015) (where collection letter's body referred to "Resurgent Capital Services LP" as Allied Interstate's "Client," and offered no explanation of the relationship between LVNV and Resurgent Capital or why/how Resurgent Capital was involved with debt, consumer stated valid § 1692g(a)(2) claim); Shoup v. McCurdy & Candler, L.L.C., 465 Fed. Appx. 882, 883–84 (11th Cir. 2012) (listing MERS as the creditor

violated FDCPA); <u>Amina v. WMC Mortgage Corp.</u>, 2011 WL 1869835 (D. Haw. May 16, 2011) (genuine issue of material fact as to whether collector properly identified current creditor, especially given multiple entities that use name "Chase"); <u>Eun Joo Lee v. Forster & Garbus LLP</u>, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013) (finding that the plaintiff had stated a plausible claim for the violation of Section 1692g(a)(2) because although the letter mentioned NCOP twice, it did "not clearly and effectively convey its role in connection with the debt."); <u>Janetos v. Fulton Friedman & Gullace, LLP</u>, 825 F.3d 317, 321 (7th Cir. 2016) (the Seventh Circuit found that the defendant's letter had failed to comply with the plain language of Section 1692g(a)(2) because "[n]owhere did the letter [s] say that Asset Acceptance currently owned the debts in question.").

(c)     Section 1692g(a)(3)-(5) by failing to properly and/or truthfully convey Plaintiff's validation rights, in that, in light of the least sophisticated consumer standard, the CD No. 1 Collection Letters falsely stated Plaintiff had the right to, *inter alia*, request validation of the debt within thirty (30) days of receiving each of the CD No. 1 Collection Letters; however, the thirty (30) day period actually began, and ended, when Plaintiff received the initial CD No. 1 Collection Letter.

(d)     Section 1692e by sending Plaintiff three nearly identical collections letters on different dates which purported to inform Plaintiff that she had 30 days from receipt of each respective letter to dispute the debt and request

validation when, in fact, such validation rights had extinguished 30 days after receiving the initial CD No. 1 Collection Letter.

(e)     Section 1692e(10) by sending Plaintiff three nearly identical collections letters on different dates which purported to inform Plaintiff that he had 30 days from receipt of each respective letter to dispute the debt and request validation. *See,* Christopher v. RJM Acquisitions LLC, 2015 WL 437541, at *8 (D. Ariz. Feb. 3, 2015), appeal dismissed (July 23, 2015) ("an unsophisticated debtor could be confused by receiving two nearly identical letters that, using identical language, state that he or she has thirty days to dispute the debt.").

(f)     Section 1692(e)(10) and 1692g(a)(5) by failing to properly and/or truthfully convey Plaintiff's validation rights. Defendant stated in each of the collection letters that, "[i]f you request in writing within 30 days, the debt collector will also provide you with the name and address of the original creditor if different from the current creditor." Defendant, in light of the least sophisticated consumer standard, failed to advise that the so-referenced 30-day period began when the letter was received. *See* Melillo v. Shendell & Assocs., P.A., 2012 WL 253205, at *6 (S.D. Fla.) ("[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." (quoting Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1062 (9th Cir. 2011)) (intentional quotation marks omitted)),

(g)     Section 1692f(1) by attempting to collect Consumer Debt No. 1, by and through the CD No. 1 Collection Letters, despite having no lawful authority to seek the collection of such, in that, Defendant violated § 1692g(a) of the FDCPA by failing to properly and/or truthfully convey Plaintiff's validation rights in the CD No. 1 Collection Letters, and as a result, Defendant was dispossessed of any legal authority it may have had to collect Consumer Debt No. 1, as such proper disclosures of Plaintiff's validation rights are necessary maintain lawful collection authority of the Consumer Debt No 1.

36.     As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and court costs.

## COUNT II.
## VIOLATION OF THE FDCPA
*(CONSUMER DEBT NO. 2)*

37.     Plaintiff incorporates by reference paragraphs 23-33 of this Complaint as though fully stated herein.

38.     In light of the preceding, Defendant has violated the FDCPA, to wit:

(a)     Section 1692g(a)(2) by, in light of the least sophisticated consumer standard, failing to send Plaintiff a written notice (within the appropriate timeframe) that sufficiently identifies the creditor to whom Consumer Debt No. 2 was owed, to wit, CD No. 2 Collection Letter fails to identify any entity as being the "creditor." Pardo v. Allied Interstate, L.L.C., 2015 WL 5607646 (S.D. Ind. Sept. 21, 2015) (where collection letter's body referred

to "Resurgent Capital Services LP" as Allied Interstate's "Client," and offered no explanation of the relationship between LVNV and Resurgent Capital or why/how Resurgent Capital was involved with debt, consumer stated valid § 1692g(a)(2) claim); Shoup v. McCurdy & Candler, L.L.C., 465 Fed. Appx. 882, 883–84 (11th Cir. 2012) (listing MERS as the creditor violated FDCPA); Amina v. WMC Mortgage Corp., 2011 WL 1869835 (D. Haw. May 16, 2011) (genuine issue of material fact as to whether collector properly identified current creditor, especially given multiple entities that use name "Chase"); Eun Joo Lee v. Forster & Garbus LLP, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013) (finding that the plaintiff had stated a plausible claim for the violation of Section 1692g(a)(2) because although the letter mentioned NCOP twice, it did "not clearly and effectively convey its role in connection with the debt."); Janetos v. Fulton Friedman & Gullace, LLP, 825 F.3d 317, 321 (7th Cir. 2016) (the Seventh Circuit found that the defendant's letter had failed to comply with the plain language of Section 1692g(a)(2) because "[n]owhere did the letter [s] say that Asset Acceptance currently owned the debts in question.").

(b)   Section 1692(e)(10) and 1692g(a)(5) by failing to properly and/or truthfully convey Plaintiff's validation rights. Defendant stated in each of the collection letters that, "[i]f you request in writing within 30 days, the debt collector will also provide you with the name and address of the original creditor if different from the current creditor." Defendant, in light of the least sophisticated consumer standard, failed to advise that the so-

referenced 30-day period began when the letter was received. *See* <u>Melillo v. Shendell & Assocs., P.A.</u>, 2012 WL 253205, at *6 (S.D. Fla.) ("[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." (quoting <u>Gonzales v. Arrow Fin. Servs., LLC</u>, 660 F.3d 1055, 1062 (9th Cir. 2011)) (intentional quotation marks omitted)).

(c)      Section 1692f(1) by attempting to collect Consumer Debt No. 2, by and through the CD No. 2 Collection Letter, despite having no lawful authority to seek the collection of such, in that, Defendant violated § 1692g(a) of the FDCPA by failing to properly and/or truthfully convey Plaintiff's validation rights in the CD No. 2 Collection Letter, and as a result, Defendant was dispossessed of any legal authority it may have had to collect Consumer Debt No. 2, as such proper disclosures of Plaintiff's validation rights are necessary maintain lawful collection authority of Consumer Debt No. 2.

**COUNT III.**
**<u>VIOLATION OF THE FCCPA</u>**
*(CONSUMER DEBT NO. 1 & 2)*

39.      Plaintiff incorporates by reference paragraphs 23-33 of this Complaint as though fully stated herein.

40.      In light of the preceding, Defendant violated the FCCPA, to wit:

(a)      Fla. Stat. § 559.72(9) by attempting to collect a debt and/or assert a legal right it knew to be illegitimate and/or otherwise unlawful, in that, Defendant sought to collect Consumer Debt No. 1 and No. 2 from Plaintiff despite knowing that it did not provide Plaintiff with the disclosures required by 15

U.S.C. § 1692g(a). Accordingly, because such disclosures are required for Defendant to retain/maintain lawful collection authority of applicable debt, Defendant knowingly sought the unlawful collection of the Consumer Debt from Plaintiff.

41.   As a result of Defendant's aforementioned FCCPA violation, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

## **DEMAND FOR JURY TRIAL**

42. Plaintiff respectfully demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)   Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect Consumer Debt No. 1;

(b)   Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect Consumer Debt No. 2;

(c)   Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect Consumer Debt No. 1 from Plaintiff;

(d)   Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violation committed by Defendant in attempting to collect Consumer Debt No. 2 from Plaintiff;

(e)   An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(f)   Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(g)     Any other relief that this Court deems appropriate and just under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: October 2, 2016

Respectfully Submitted,

  /s/ Jibrael S. Hindi                                .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:        855-529-9540

                AND

  /s/ Thomas J. Patti                                .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:     954-543-1325
Fax:        954-507-9975

*COUNSEL FOR PLAINTIFF*